IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY S. TOWNLEY,
    Petitioner,

vs.   Case No.:  3:12cv484/RV/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 13).  Respondent filed a Motion to Dismiss and Alternative Response, with relevant portions of the state court record (doc. 34).  The court provided Petitioner an opportunity to file a reply to Respondent's responsive pleading (doc. 35, 39), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 34, Exhibits).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2006-CF-4428, with one count of burglary of an unoccupied dwelling (Count 1), one count of grant

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's responsive pleading (doc. 34), unless otherwise indicated.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

theft (over $20,000 but less than $100,000) (Count 2), one count of dealing in stolen property by trafficking (Count 3), and one count of pawnbroker transaction fraud (Count 4) (Ex. A). Petitioner and the State entered a written plea agreement, pursuant to which Petitioner agreed to plead no contest to Counts 2 and 4, in exchange for the State's dismissing Counts 1 and 3 and agreeing to a sentence of two concurrent terms of fifty-four (54) months of imprisonment (*id.* at 25–45). The court accepted the plea, and honored Petitioner's request to defer adjudication and sentencing until the following Monday, May 12, 2008, with the stipulation that if Petitioner failed to appear for sentencing, the court would impose a sentence of fifteen (15) years (the statutory maximum for Count 2) (*id.* at 35–37). Petitioner stated under oath that he understood and agreed that he would be sentenced to fifteen (15) years if he did not appear at sentencing (*id.* at 29, 35–36). Petitioner failed to appear on May 12, 2008 (he escaped from the local work camp), therefore, the court adjudicated him guilty of Counts 2 and 4 and sentenced him to fifteen (15) years in prison on Count 2, with pre-sentence credit of 532 days, and a concurrent term of five (5) years in prison on Count 4 (*id.* at 46–51, 57–64, 66).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-3164 (Ex. A at 70, Ex. D). The First DCA affirmed the judgment per curiam without written opinion on April 13, 2010, with the mandate issuing April 29, 2010 (Exs. F, G). Townley v. State, 31 So. 3d 786 (Fla. 1st DCA 2010) (Table).

On December 16, 2010, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D10-4818 , alleging ineffective assistance of appellate counsel (Ex. H). The First DCA denied the petition on the merits on October 15, 2010, and denied Petitioner's motion for rehearing on November 30, 2010 (Exs. I, K). Townley v. State, 54 So. 3d 502 (Fla. 1st DCA 2010) (Mem).

On October 10, 2011, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. L at 1–18). In an order rendered January 30, 2012, the state circuit court struck the motion with leave to file a legally sufficient motion within thirty (30) days (*id.* at 32–34). Petitioner filed an amended motion on February 27, 2012 (*id.* at 35–66). The state circuit court summarily denied the amended motion on May 11, 2012 (Ex. M). Petitioner appealed the decision to the First DCA, Case No. 1D12-3370 (Ex. N). The First DCA affirmed per curiam without written opinion on September 24, 2012, with the mandate issuing October 22, 2012 (Exs. O, P). Townley v. State, 97 So. 3d 829 (Fla. 1st DCA 2012) (Table).

Petitioner commenced this federal habeas action on October 3, 2012 (doc. 1). Respondent raises a jurisdictional argument and a statute of limitations defense (doc. 34). Respondent argues this court does not have jurisdiction to address Petitioner's claim, because his sole ground for relief raises only a state law issue, not an issue of federal law (*id.* at 11–12). Respondent additionally contends Petitioner filed his petition outside the one-year period for doing so, set forth in 28 U.S.C. § 2244(d) (*id.* at 3–7).

II.   ANALYSIS

The sole ground for relief raised by Petitioner in his § 2254 petition is the following:

> Ground one: The State record is absent testimony under oath from a material witness for any offense in the charging information such as deprives [sic] the State court of the subject matter to establish jurisdiction to try the Petitioner for a felony as required of due process considerations under U.S.A. Constitution Amendments 4, 5, 6, and 14; Florida Constitution Art. I, § 9, 12, 15, 16; Fla. R. Crim. P. 3.140(g) and (d); § 923.03, Florida Statutes; §944.17 (4–5), Florida Statutes.

(doc. 13 at 7).

The federal habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Swarthout v. Cooke, ––– U.S. –––, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief and stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Wainwright v. Goode, 464 U.S. 78, 84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); Barclay v. Florida, 463 U.S. 939, 958–59, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). "The writ of habeas corpus was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citation and quotation marks omitted);

Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

A state court's jurisdiction, based upon the charging document's alleged failure to comply with state constitutional provisions, statutes and procedural rules, is a matter of state law that is not properly considered on federal habeas review. *See* Wright v. Angelone, 151 F.3d 151, 157–58 (4th Cir. 1998) (state law jurisdiction is purely a matter of state law, therefore, state court's determination of state court jurisdiction is binding on federal court); Chandler v. Armontrout, 940 F.2d 363, 366 (8th Cir. 1991) ("The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction . . . . This determination of jurisdiction is binding on this [federal] court."); Johnson v. Trickey, 882 F.2d 316, 320 (8th Cir. 1989) (adequacy of information is question of state law binding on federal courts); United States ex rel. Roche v. Scully, 739 F.2d 739, 741 (2d Cir. 1984) (stating that "no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law") (internal quotation marks omitted); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) (holding that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.").

Petitioner's claim that the charging document was not based upon testimony received by the prosecutor under oath from a material witness to the offense, as required by the Florida Constitution, Florida Statutes, and the Florida Rules of Criminal Procedure, is purely a matter of state law. *See, e.g.*, Stupar v. Crews, No. 3:12cv391/LAC/CJK, 2014 WL 37681, at *28 (N.D. Fla. Jan. 6, 2014) (unpublished) (petitioner's claim that the amended information charging him with felony DUI and the Affidavit of Violation of Probation charging him with violating his probation failed to comply with the requirements of Rule 3.140 of the Florida Rules of Criminal Procedure, presents a purely state law issue and does not provide a basis to grant federal habeas relief); Wright v. Crews, No.

4:11cv4/RS/CAS, 2013 WL 5658328, at *12 (N.D. Fla. Oct. 16, 2013) (unpublished) (petitioner's claim that trial court lacked jurisdiction because charging document failed to comply with requirements of Florida Constitution and criminal procedural rules, including Rule 3.140, presented issue of purely state law that is not cognizable in federal habeas review); Watson v. Buss, No. 4:08cv428/SPM/EMT, 2011 WL 4102776, at *12 (N.D. Fla. Mar. 15, 2011) (unpublished) (petitioner's contention that the charging document was defective because it failed to satisfy Rule 3.140(g) and, therefore, deprived the trial court of jurisdiction, presents purely an issue of state law), *Report and Recommendation Adopted by* 2011 WL 4090681 (N.D. Fla. Sept. 14, 2011) (unpublished); Bromell v. McNeil, No. 07-61917-CIV, 2008 WL 4540054, at *17 (S.D. Fla. Oct.10, 2008) (unpublished) (petitioner's claim that trial court lacked jurisdiction to enter judgment because charging instrument was not based upon sworn testimony of material witness, but based solely upon investigating officer's affidavit, was not cognizable in federal habeas corpus).  Petitioner's labeling his claim as one of constitutional dimension does not transform it into one.  Because Petitioner's claim presents only a violation of state law, federal habeas relief is unavailable.[2]

### III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an

---

[2] In light of the court's determination that Petitioner's claim is not cognizable in federal habeas, the court need not address Respondent's statute of limitations defense.

Case No.:  3:12cv484/RV/EMT

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the amended petition for writ of habeas corpus (doc. 13) be **DENIED**.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of March 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**